**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**CAROL M. HENDRIX**                    **CIVIL ACTION NO.** _____

**VERSUS**                                      **JUDGE:** _____

**CREST OPERATIONS, LLC**              **MAGISTRATE:** _____


**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES CAROL M. HENDRIX, hereinafter called Plaintiff or **"HENDRIX"**, complaining of and about **CREST OPERATIONS, LLC,** (hereinafter referred to as Defendant or "**CREST**"), and for a cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.

Plaintiff, **CAROL M. HENDRIX**, is an individual and citizen of the State of Louisiana who resides in West Monroe, Louisiana. At all relevant times, Plaintiff was employed by Defendant as Chief Human Resources Officer until her forced retirement on December 31, 2023.

2.

Made Defendant herein is **CREST OPERATIONS, LLC**, a limited liability company doing business in the State of Louisiana, with its principal place of business located at 4725 Highway 28E, Pineville, Louisiana 71360. Defendant may be served through its registered agent for service of process, Registered Agent of Crest Operations, Inc. at 3867 Playa Tower Drive, First Floor, Baton Rouge, LA 70816.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this lawsuit because the suit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., ("Title VII"); the Age Discrimination in Employment Act ("ALDL"), 29 U.S.C. §621 et seq. and Louisiana Employment Discrimination Law, R.S. 23:301 et seq.  Plaintiff has timely filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 30, 2024.

4.

Venue is proper in the Western District of Louisiana, Alexandria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b), because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Specifically, Defendant's principal place of business is located at 4725 Highway 28E, Pineville, Louisiana 71360, and the discriminatory employment practices alleged herein were committed within this judicial district.

## BACKGROUND AND FACTUAL ALLEGATIONS

5.

Plaintiff, **HENDRIX**, is a 65-year-old female who was employed by Defendant from March 23, 2015, until her forced retirement on December 31, 2023. Throughout her tenure, Plaintiff demonstrated exceptional performance and leadership in progressively responsible positions.

6.

Plaintiff was initially hired as Executive Program Officer on March 23, 2015. On June 18, 2016, her title changed to Executive Vice President of Human Resources, and on or around August 20, 2020, she was promoted to Chief Human Resources Officer. In this role, Plaintiff managed 20 employees and was responsible for all human resources and communication operations of the company. Throughout her tenure, Plaintiff demonstrated exceptional performance, including in 2022 when her Talent Acquisition team processed 5,411 applications, conducted 1,627 candidate screens, and completed 568 hires. Plaintiff also successfully drove process improvements in HR, implemented new HR technologies and programs including UKG Workforce Management, AwardCo employee recognition platform, and enhanced mental health benefits.

7.

As Chief Human Resources Officer, Plaintiff was the only female member of Defendant's Senior Executive Team (SET), which consisted of Kenny Robison (CEO/Owner, age 61), Dennis Wimmert (COO, age 65), Matt Purser (age 58), John Doggett (CAO/Attorney, age 61), Paul Bordelon (CFO, age 50), and Scott Robison (age 59), as well as in the extended executive team which included 6 male business unit presidents

8.

When faced with over 100 open positions in early 2022, Plaintiff requested additional staffing resources from COO Dennis Wimmert but was denied. Despite this limitation, Plaintiff's team implemented automated recruiting processes and continued filling positions while dealing with high turnover in the business units. Beginning in early 2022, Defendant began a systematic

pattern of discrimination against Plaintiff based on her age and gender. The Presidents began excluding Plaintiff from decisions about HR Managers, effectively undermining her authority and position as Chief Human Resources Officer.

9.

In December 2022, the SET removed Talent Management responsibilities from Plaintiff's purview (as part of PIP) without justification, despite her successful oversight of this function.

10.

In July 2022, after gaining support of the SET, Plaintiff moved to West Monroe and began a hybrid work schedule. Plaintiff maintained a consistent and structured hybrid schedule, working Mondays and Tuesdays in the Pineville office, staying overnight Mondays at her own expense, and returning Thursday/Friday depending on meetings. While male executives including Dennis Wimmert (working from Mississippi), Kenny Robison (working from California and New Orleans), and Matt Purser (working from New Orleans) were permitted to work remotely (intermittently) without scrutiny, Plaintiff's approved hybrid schedule was criticized by COO Dennis Wimmert in August 2022.

11.

Male executives specifically criticized Plaintiff for being "too lenient" with her female employees and working mothers, stating "there was no way these moms could work effectively from home when they had sick children" and insisted working mothers "just needed to take PTO and not be allowed to work from home." CFO Paul Bordelon later confirmed he supported Plaintiff's management approach, stating that her team "consistently delivered on results." Male

executives openly displayed gender bias, stating there was "no way these moms could work effectively from home" when Plaintiff advocated for flexible work arrangements for working mothers. This demonstrated a clear pattern of discriminatory attitudes toward female employees.

12.

On December 15, 2022, despite no prior documented performance issues, Plaintiff was placed on a Performance Improvement Plan (PIP). Plaintiff successfully completed the PIP in March 2023, with confirmation that she was "performing well and very engaged."

13.

On August 21, 2023, CEO Kenny Robison asked Plaintiff to retire by December 2024, despite her original retirement plans documented for 2026-2027 in succession documents. On August 22, 2023, one day after being told to retire, Plaintiff conducted a workshop that received positive feedback from a director who stated it was "the best session they had so far." However, on August 24, 2023, Robison claimed he received "feedback" that the session was poorly run, using this as partial justification for arbitrarily accelerating her retirement date to December 2023

14.

Throughout this period, Plaintiff was subjected to age-related comments, including references to not being the "old Carol," while simultaneously being systematically removed from her responsibilities despite her successful completion of the PIP and confirmation of good performance. She was also called "Mama Carol" on multiple occasions throughout her tenure, especially in the latter two years.

15.

Plaintiff was criticized for taking necessary medical leave for knee surgery and back injections, while male executives faced no such scrutiny for their medical or personal leave. Plaintiff was criticized for taking approved medical leave for caring for her husband's knee surgery. Matt Purser told Plaintiff she needed to "get someone else" to take her husband to medical appointments following his knee replacement surgery, despite him not being cleared to drive.

16.

On December 31, 2023, Plaintiff was forced to retire and was replaced by Sarah Sasser, an employee in her late 30s, demonstrating a clear pattern of age discrimination in violation of the ADEA.

17.

Prior to her forced retirement, Plaintiff received strong endorsements from colleagues including CFO Paul Bordelon, who praised her "transformational strategic initiatives around leadership development, company culture, purpose & values, employee empowerment, and engagement." Her eventual replacement, Sarah Sasser, had publicly acknowledged Plaintiff as an "exceptional Chief Human Resources Officer" whose leadership had been "instrumental in shaping the success of our organization."

18.

The discriminatory treatment of Plaintiff included a surprise confrontational meeting with the entire SET, systematic removal of her authority and responsibilities, and different standards

for remote work compared to her male counterparts, all of which created a hostile work environment based on her age and gender.

19.

Plaintiff has suffered significant damages as a result of Defendant's discriminatory actions, including loss of employment, benefits, and compensation, damage to her professional reputation, and emotional distress. Despite her forced early retirement, Plaintiff has attempted to mitigate her damages through consulting work and teaching HR classes.

## CAUSES OF ACTION

### COUNT I
### Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law

20.

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21.

Plaintiff is a female and thus a member of a protected class under Title VII and the LEDL.

22.

At all relevant times, Plaintiff was qualified for her position as Chief Human Resources Officer, as evidenced by her successful performance record including processing 5,411 applications, conducting 1,627 screens, and completing 568 hires in 2022.

23.

Plaintiff suffered adverse employment actions including but not limited to:

    a. Being systematically excluded from decisions regarding her direct reports while male executives were not subjected to such exclusion;

    b. Having her job responsibilities gradually removed and reassigned;

    c. Being subjected to discriminatory treatment regarding remote work arrangements while male executives were permitted to work remotely without scrutiny;

    d. Being criticized and disciplined for supporting flexible work arrangements for female employees;

    e. Being forced to retire.

24.

Plaintiff was treated less favorably than similarly situated male employees, as evidenced by:

    a. Male executives including Dennis Wimmert, Kenny Robison, and Matt Purser were permitted to work remotely from Mississippi, California, and New Orleans without scrutiny;

    b. Male executives were not excluded from decisions regarding their direct reports;

    c. Male executives were not subjected to criticism or discipline for supporting their employees' work arrangements.

25.

Defendant's actions were motivated by Plaintiff's gender, as demonstrated by:

    a. Comments by male executives that "there was no way these moms could work effectively from home" and that working mothers "just needed to take PTO and not be allowed to work from home";

b.    Criticism of Plaintiff for being "too lenient" with female employees despite confirmation from CFO Paul Bordelon that her team "consistently delivered on results."

## COUNT II
### Age Discrimination in Violation of the Age Discrimination in Employment Act and the Louisiana Employment Discrimination Law

26.

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27.

Plaintiff was 64 years old at the time of her forced retirement and thus a member of the protected class under the ADEA and the LEDL.

28.

Plaintiff was qualified for her position, as evidenced by:

a.    Her successful completion of the Performance Improvement Plan in March 2023;

b.    Confirmation from CEO Robison that she was "performing well and very engaged";

c.    Strong endorsements from colleagues including CFO Paul Bordelon praising her "transformational strategic initiatives."

29.

Plaintiff suffered adverse employment actions including:

a.    Being forced to retire despite having documented plans to retire in 2026-2027;

b.    Having her retirement date arbitrarily accelerated from December 2024 to December 2023;

    c.     Being replaced in her executive duties by Sarah Sasser, an employee in her late 30s.

30.

The circumstances give rise to an inference of age discrimination as demonstrated by:

    a.     Comments about Plaintiff not being the "old Carol";

    b.     The arbitrary acceleration of her retirement date despite positive performance;

    c.     The transfer of her executive responsibilities to a substantially younger employee.

<b>DAMAGES</b>

31.

As a direct and proximate result of Defendant's discriminatory conduct described hereinabove, Plaintiff has sustained the following damages:

    a.     Loss of employment income, including her base salary of $230,000 plus 20% bonus structure;

    b.     Loss of future earnings and benefits, including retirement benefits that would have accrued through her planned retirement date of 2026-2027;

    c.     Compensatory damages for emotional distress, mental anguish, humiliation, and damage to her professional reputation;

    d.     Loss of career advancement opportunities and earning capacity;

    e.     Back pay from the date of her forced retirement through the date of judgment, including all benefits and raises she would have received;

    f.     Front pay in lieu of reinstatement for a period the Court deems equitable and just;

    g.     Pre-judgment and post-judgment interest as allowed by law;

    h.     Reasonable attorney's fees and costs, including expert witness fees;

i.  Punitive damages in an amount to be determined by the Court due to Defendant's willful and malicious discrimination in violation of Plaintiff's federally protected rights.

32.

Plaintiff further requests that the Court:

a.  Issue a permanent injunction prohibiting Defendant from engaging in discriminatory practices based on age and gender;

b.  Order Defendant to implement comprehensive anti-discrimination policies and training programs;

c.  Grant such other and further relief as this Court deems just and proper under the circumstances.

**<u>EXEMPLARY DAMAGES</u>**

33.

**HENDRIX** would further show that the acts and omissions of Defendant, complained of herein, were committed with malice or reckless indifference to the federally protected rights of **HENDRIX**.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, **HENDRIX** also seeks recovery from Defendant for exemplary damages.

**PRAYER FOR RELIEF**

34.

WHEREFORE, Plaintiff, **CAROL M. HENDRIX**, respectfully prays that after due proceedings are had, there be judgment rendered in her favor and against Defendant, **CREST OPERATIONS, LLC,** for all relief to which she is entitled under law, including but not limited

to:

a.  Back pay, front pay, and all lost wages and benefits;

b.  Compensatory damages for emotional distress, mental anguish, humiliation, and damage to professional reputation;

c.  Punitive damages in an amount sufficient to punish Defendant for its willful violation of federal anti-discrimination laws and to deter future discriminatory conduct;

d.  Pre-judgment and post-judgment interest at the maximum rate allowed by law;

e.  Reasonable attorney's fees, expert witness fees, and all costs of these proceedings;

f.  A permanent injunction prohibiting Defendant from engaging in discriminatory employment practices based on age and gender;

g.  An order requiring Defendant to implement comprehensive anti-discrimination policies and training programs; and

h.  Such other and further relief, both at law and in equity, to which Plaintiff may show herself justly entitled.

**DEMAND FOR JURY TRIAL**

35.

Plaintiff, **CAROL M. HENDRIX**, hereby demands a trial by jury on all claims and issues so triable pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

Respectfully submitted,

**MIXON, CARROLL, & FRAZIER, LLC**
P. O. Drawer 1619
Columbia, LA 71418
Phone (318) 649-9284
Fax (318) 649-0277
JCarroll@MixonCarroll.com

*/s/ James L. Carroll*
**JAMES L. CARROLL**, LSB# 28322