**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **CAROL M. HENDRIX**<br>　　　　*PLAINTIFF* | **CIVIL ACTION NO. 1:25-CV-00333** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CREST OPERATIONS, LLC**<br>　　　*DEFENDANT* | **MAGISTRATE JUDGE JOSPEH H. L. PEREZ-MONTES** |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes, Defendant, Crest Operations, LLC, ("Defendant" or "Crest") who responds to the Complaint filed on behalf of Plaintiff's, Carol M. Hendrix's ("Plaintiff") as follows:

### PARTIES AND SERVICE

1.

Defendant admits that Plaintiff was employed by Crest from March 23, 2015, until December 31, 2023. Defendant further avers that while employed with Crest, Plaintiff served in the capacity of Chief Human Resources Officer from August 20, 2020, until her retirement on December 31, 2023. Defendant denies Plaintiff's residency and citizenship status for lack of sufficient information to justify a belief therein.  Defendant denies any remaining allegations and conclusions contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits that it has been named as a defendant in this action. Defendant further admits that Crest is a limited liability company doing business in Louisiana with a principal business establishment located at 4725 Highway 28E, Pineville, Louisiana. Defendant avers the

remaining allegation of "principal place of business" calls for a legal conclusion and requires no response. Defendant denies the remaining conclusions, allegations, and implications of Paragraph 2. Defendant further denies that Plaintiff is entitled to any of the relief requested or is otherwise entitled to a judgment of any kind against Defendant.

**JURISDICTION AND VENUE**

3.

Defendant admits that Plaintiff asserts a claim for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, ("ADEA"); and the Louisiana Employment Discrimination Law, Louisiana Revised Statute 23:301, *et seq.* ("LEDL") and that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367. Defendant further admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about April 30, 2024. Defendant denies the remaining conclusions, allegations and implications of Paragraph 3. Defendant further denies that Plaintiff is entitled to any of the relief requested or is otherwise entitled to a judgment of any kind against Defendant.

4.

Defendant admits that venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(b) if a substantial part of the events giving rise to the alleged claims that Plaintiff asserts occurred in this District. Defendant avers its principal business establishment in Louisiana is located at 4725 Highway 28E, Pineville, Louisiana 71360. Defendant avers the remaining allegation of "principal place of business" calls for a legal conclusion and requires no response. Defendant further denies all conclusions, allegations, and implications including, but not limited to that any statutes were violated, that any discriminatory employment practice occurred, and that

2

she can establish any facts in support of the identified and unidentified claims, that any inferences of wrongdoing arise from the assertions in the Complaint, and/or that she is entitled to any damages and/or relief.

**BACKGROUND AND FACTUAL ALLEGATIONS**

5.

Defendant admits that Plaintiff is, at the time of the filing of this Answer, a 66-year-old female. Defendant further avers that Plaintiff was employed by Crest from on or about March 23, 2015, through her date of retirement on December 31, 2023. Defendant denies all remaining conclusions and allegations contained in Paragraph 5 including Plaintiff's contention that she suffered a "forced retirement" and that she "demonstrated exceptional performance and leadership."

6.

Defendant admits Plaintiff was hired on March 23, 2015, as Executive Program Officer and that on October 18, 2016, Plaintiff's job title was changed to Executive Vice President of Human Resources.  Defendant further avers that on August 20, 2020, Plaintiff was promoted to the position of Chief Human Resources Officer where she had operational oversight of approximately twenty (20) employees. Defendant admits that on or about December 19, 2022, Crest's Human Resources Department had received 5,411 applications to its various business units, that Crest's Human Resources Department reviewed and screened 1,627 candidate applications to its various business units, and that Crest hired 568 employees to its various business units.  Defendant denies the remaining conclusions, allegations, and implications of the third sentence of Paragraph 6. Defendant denies that Plaintiff enhanced mental health benefits.

3

Defendant denies the remaining conclusions, allegations, and implications in the last sentence of Paragraph 6 for lack of sufficient information to justify a belief therein.

7.

Defendant admits Plaintiff served on Crest's Senior Executive Team ("SET") along with Kenny Robison (62 years), Chief Executive Officer; Dennis Wimmert (66 years) Chief Operating Officer; John Doggett (62 years) Chief Administrative Officer; Paul Bordelon (51 years), Chief Financial Officer; Matt Purser (59 years), Chief Operating Officer for Industrial Services and Distribution; and Scott Robison (60 years), Executive Officer/Owner. Defendant denies all remaining conclusions, allegations, and implications in Paragraph 7.

8.

Defendant avers that on or about April 12, 2022, Crest approved and hired an additional Talent Acquisition Specialist. Defendant avers that on or about March 2023, its Human Resources Department implemented a new applicant tracking system, LeverTRM, to replace Crest's current applicant tracking and candidate relationship management systems and to integrate its various talent acquisition software into one streamlined platform for Crest's hiring managers to use. Defendant denies the remaining conclusions, allegations, and implications in Paragraph 8.

9.

Defendant admits that in December 2022, the SET removed Talent Acquisition responsibilities from Plaintiff's purview due to her poor performance. Defendant denies any remaining conclusions, allegations, and implications in Paragraph 9.

10.

Defendant avers that Plaintiff sold her residence in Pineville, Louisiana and admits Plaintiff moved to West Monroe, Louisiana in the summer of 2022. Defendant avers that Plaintiff agreed

4

to physically work at Crest's Pineville, Louisiana office three days a week. Defendant denies all remaining conclusions, allegations, and implications in Paragraph 10.

11.

Defendant denies the conclusions, allegations, and implications in Paragraph 11.

12.

Defendant admits that on or about December 15, 2022, Plaintiff was placed on a ninety-day (90) written performance improvement plan ("PIP".) Defendant denies the remaining conclusions, allegations, and implications in Paragraph 12.

13.

Defendant denies the conclusions, allegations, and implications in Paragraph 13.

14.

Defendant denies the conclusions, allegations, and implications in Paragraph 14.

15.

Defendant denies the conclusions, allegations, and implications in Paragraph 15.

16.

Defendant avers Plaintiff separated from employment with Defendant on December 31, 2023. Defendant denies Plaintiff was forced to retire. Defendant avers that during the actionable time period, Sarah Sasser was under the age of forty (40) but denies Ms. Sasser replaced Plaintiff. Defendant denies the remaining conclusions, allegations, and implications in Paragraph 16.

17.

Defendant denies the conclusions, allegations, and implications in Paragraph 17 for lack of sufficient information to justify a belief therein.

5

18.

Defendant denies the conclusions, allegations, and implications in Paragraph 18.

19.

Defendant denies the conclusions, allegations, and implications in Paragraph 19.

**CAUSES OF ACTION**

**COUNT I**
**Gender Discrimination in Violation of Title VII of the Civil Rights Ac of 1964 and the Louisiana Employment Discrimination Law**

20.

Defendant adopts all of its previous responses as if set out fully herein in toto.

21.

Defendant admits Plaintiff is a female. The remaining allegations contained in Paragraph 21 call for a legal conclusion and, therefore, no response is required. Out of an abundance of caution, however, Defendant denies the remaining conclusions, allegations, and implications in Paragraph 21.

22.

Defendant denies the conclusions, allegations, and implications in Paragraph 22.

23.

The allegations contained in Paragraph 23 call for a legal conclusion and, therefore, no response is required. However, out of an abundance of caution, Defendant denies the conclusions, allegations, and implications in the opening sentence of Paragraph 23. Defendant further denies the allegations contained in subparts (a)-(e) of Paragraph 23.

24.

Defendant denies the conclusions, allegations, and implications in the opening sentence of

Paragraph 24. Defendant further denies the allegations contained in subparts (a)-(c) of Paragraph 24.

25.

Defendant denies the conclusions, allegations, and implications in opening sentence of Paragraph 25. Defendant further denies the allegations contained in subparts (a)-(b) of Paragraph 25.

**COUNT II**
**Gender Discrimination in Violation of the Age Discrimination in Employment Act and the Louisiana Employment Discrimination Law**

26.

Defendant adopts all of its previous responses as if set out fully herein in toto.

27.

Defendant avers Plaintiff was over the age of forty (40) at the time of her separation from employment with Crest. The remaining allegations call for a legal conclusion and, therefore, no response is required.  Out of an abundance of caution, however, Defendant denies the conclusions, allegations, and implications in Paragraph 27.

28.

Defendant denies the conclusions, allegations, and implications in the opening sentence of Paragraph 28 and subparts (a) – (c).

29.

The allegations contained in Paragraph 29 call for a legal conclusion and, therefore, no response is required.  However, out of an abundance of caution, Defendant denies the conclusions, allegations, and implications in the opening sentence of Paragraph 29 and subparts (a) – (c).

30.

Defendant denies the conclusions, allegations, and implications in the opening sentence of Paragraph 30 and subparts (a) – (c).

## DAMAGES

31.

Defendant denies the conclusions, allegations, implications, and requests in opening sentence of Paragraph 31 and subparts (a) – (i). Defendant further denies that Plaintiff is entitled to any of the relief requested in Paragraph 31 or is otherwise entitled to a judgment of any kind against Defendants.

32.

Defendant denies the conclusions, allegations, implications, and requests in opening sentence of Paragraph 32. Defendant further denies that Plaintiff is entitled to any of the relief requested in Paragraph 32 or is otherwise entitled to a judgment of any kind against Defendants.

## EXEMPLARY DAMAGES

33.

Defendant denies the conclusions, allegations, implications, and requests in Paragraph 33. Defendant further denies that Plaintiff is entitled to any exemplary damages and that Plaintiff cannot establish any facts in support of the same.

## PRAYER FOR RELIEF

a. Defendant denies that Plaintiff is entitled to any of the relief requested in her Prayer for Relief and specifically denies Plaintiff's request for relief in subparagraphs (a) – (h).

## DEMAND FOR JURY TRIAL

### 35.

Defendant acknowledges that Plaintiff has requested a trial by jury. However, Defendant denies that Plaintiff is entitled to any of the relief requested or otherwise entitled to a judgement of any kind against Defendant.

Defendant denies any allegations not previously qualified, admitted, or denied.

### AFFIRMATIVE AND OTHER DEFENSES

AND NOW, ANSWERING FURTHER, Defendant asserts the following DEFENSES:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant denies that Plaintiff is entitled to any of the relief requested in her Complaint.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she now seeks to assert claims beyond the scope of her administrative charge filed with the EEOC.

### FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff cannot carry her ultimate burden of proving a violation of Title VII, the ADEA or the LEDL.

### SIXTH DEFENSE

Defendant did not illegally discriminate against Plaintiff, intentionally or otherwise; any employment-related actions or omissions affecting Plaintiff were taken for legitimate, non-

discriminatory reasons and/or reasonable factors other than age and gender. In the alternative, the same actions or omissions would have occurred absent any allegedly impermissible factors or motives.

## SEVENTH DEFENSE

At all times relevant to her lawsuit, Defendant had reasonable grounds for believing its actions with respect to Plaintiff were not in violation of any law, rule, regulation or guideline.

## EIGHTH DEFENSE

Defendant affirmatively avers that it neither acted nor relied upon any impermissible factors or unlawful criteria in any employment decision concerning Plaintiff.

## NINTH DEFENSE

Plaintiff cannot demonstrate that any of the legitimate, non-discriminatory and non-retaliatory reasons articulated by Defendant for any employment actions are pretext for intentional discrimination.

## TENTH DEFENSE

Defendant denies that Plaintiff was discriminated against by Defendant. In the alternative, at all material times, Defendant has maintained and enforced appropriate, good faith policies and procedures prohibiting unlawful discrimination and harassment in the workplace. Such policies and procedures established specific methods for reporting, investigating and, if warranted, for obtaining remediation of such alleged conduct. To the extent that Plaintiff contends she suffered discrimination in the workplace, Defendant has exercised reasonable care to prevent and/or remedied any such conduct and Plaintiff has unreasonably failed to take advantage of the preventive or corrective measures provided by Defendant to avoid harm.

## ELEVENTH DEFENSE

Plaintiff has suffered no damages and no damages for which Defendant could be held liable.

## TWELFTH DEFENSE

Notwithstanding its denial of liability, Defendant avers that Plaintiff has failed to mitigate any alleged losses by the exercise of reasonable diligence and, therefore, Plaintiff can have no monetary recovery. Defendant further avers that all amounts earned or earnable with reasonable diligence since the time of Plaintiff's separation from employment with Defendant must be offset against and reduce any monetary recovery sought in her case.

## THIRTEENTH DEFENSE

While denying all arguments of Plaintiff's Complaint regarding liability and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, they were proximately caused by intervening and/or superseding acts, negligence and/or fault of Plaintiff or third persons over whom Defendant had no control or right of control and for whose actions Defendant is not liable.

## FOURTEENTH DEFENSE

While denying all of the allegations of Plaintiff's claims regarding liability and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any fault on the part of Defendant, Defendant was not the proximate cause of any of Plaintiff's damages.

## FIFTEENTH DEFENSE

Defendant did not act with malice or reckless or willful indifference to or in knowing violation or reckless or willful disregard for Plaintiff's legally protected rights. While denying all of the allegations of Plaintiff's claims regarding liability and damages allegedly sustained by

Plaintiff, to the extent that Plaintiff may be able to prove any fault on the part of Defendant, any such conduct is contrary to Defendant's good faith efforts to comply with Title VII, the ADEA and, the LEDL.

**SIXTEENTH DEFENSE**

Plaintiff's damages, if any, are limited by the applicable statutory cap on damages.

**SEVENTEENTH DEFENSE**

Because Plaintiff's claims are without merit, Defendant is entitled to an award of attorneys' fees and costs.

**EIGHTEENTH DEFENSE**

Defendant reserves the right to supplement this Answer with additional defenses, affirmative or otherwise, or counterclaims as information becomes available during the course of discovery.

WHEREFORE, Defendant, Crest Operations, LLC prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that Plaintiff's claims be dismissed with prejudice, at Plaintiff's costs, and for all other just and equitable relief which this Court may deem appropriate.

Respectfully submitted on this the 19th day of September 2025.

> By: *Elizabeth Bailly Bloch*
> CHRISTINE S. KEENAN, T.A. (No. 23293)
> ELIZABETH BAILLY BLOCH (No. 37591)
> The Kullman Firm
> A Professional Law Corporation
> 4605 Bluebonnet Boulevard, Suite A
> Baton Rouge, Louisiana 70809
> Telephone: (225) 906-4250
> Facsimile: (225) 906-4230
> E-mail:csk@kullmanlaw.com
>         ebb@kullmanlaw.com
>
> **ATTORNEYS FOR DEFENDANT**
> **CREST OPERATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on 19th day of September 2025, I have electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO PLAINTIFF'S COMPLAINT** using the CM/ECF system which sent notification of such filing to all counsel of record.

> *Elizabeth Bailly Bloch*
> ELIZABETH BAILLY BLOCH